Judge Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>    vs.<br><br>LEON LETROY ANDERSON,<br><br>                              Defendant, | NO. CR09-5397RBL<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

COMES NOW the Defendant, Leon Letroy Anderson, by and through his attorney of record, Charles A. Johnston, and submits the following Memorandum for the Court to consider at the time of sentencing.

## I.  INTRODUCTION

The Defendant, Leon Letroy Anderson, comes before the Court on January 15, 2010 for a sentencing on one Count of Bank Fraud, in violation of 18 U.S.C. § 1028(A), a Class B Felony, punishable by a maximum term of imprisonment of thirty (30) years.  The Defendant entered a guilty plea to that charge on October 7, 2009.

/////

/////

DEFENDANT'S SENTENCING MEMORANDUM - 1

January 13, 2010

Charles A. Johnston
Attorney at Law
202 East 34th Street
Tacoma, WA  98404
Tel.: (253) 473-3090

## II. GUIDELINES CALCULATIONS

The Defendant agrees with the Presentence Report and the Government that the Defendant's offence level is 18, that his criminal history is III and that the resulting applicable Guideline range is 33 -41 months imprisonment.

## III. DEFENSE RECOMMENDATION

The Defense recommends a 3-level downward departure and a sentence of 18 months, for the reasons set forth below.

## IV. BASIS FOR RECOMMENDATION

**A. PERSONAL BACKGROUND**

The Defendant suffered extraordinary physical and sexual abuse as a child. The courts have allowed a downward departure because of extraordinary physical or sexual abuse suffered as a child. *U.S. v Walter* 256 F. 3d 891 (9th Cir. 2001). In fact, courts have stated that it is beyond question that abuse suffered during childhood can impair a person's mental and emotional conditions. These conditions result in the individual facing extraordinary problems developing into responsible, productive citizens.

The Defendant came from a dysfunctional and abusive home. At a very early age he was subject to sexual abuse and physical abuse. Additionally, the Defendant was subjected to severe emotional abuse by both natural parents. His mother left him in a hotel room. His aunt picked him up two days later and he never saw his mother again for almost six years. The Defendant was six years old at the time. His father never expressed any emotion towards the Defendant. He never supported him emotionally in any way.

As stated earlier, this physical, sexual and emotional abuse makes it very difficult for an individual to develop into a responsible, productive citizen.

DEFENDANT'S SENTENCING MEMORANDUM - 2

January 13, 2010

Charles A. Johnston
Attorney at Law
202 East 34th Street
Tacoma, WA  98404
Tel.: (253) 473-3090

## B. DEFENDANT HAS MANIFESTED SUPER ACCEPTANCE FOR HIS RESPONSIBILITY

The Court can depart downward from the range if it determines that the reduction for acceptance of responsibility does not adequately reflect the Defendant's acceptance. *U.S. v Brown* 985 F. 2d 478 (9th Cir. 1993).

The Defendant, almost from the day he was arrested, has accepted all responsibility for his actions. He has constantly told me that he committed these crimes, he knew it was wrong and will accept any punishment imposed by the Court.

## C. DEFENDANT HAS SHOWN EXTREME REMORSE

The courts have allowed a downward departure where a defendant has shown great remorse "to an exceptional degree" even though the defendant has already received adjustment for acceptance of responsibility.

The Defendant has shown extreme remorse for his conduct. So much so, that he has done very little to aid me in providing materials or a basis for a downward departure to this Court. As stated above, he simply states words to the effect that he has committed these crimes, he knows he should be punished and will accept the Court's decision.

## D. DEFENDANT HAS ENGAGED IN CHARITABLE AND COMMUNITY ACTIVITIES

Courts have recognized a downward departure for community service and/or charitable works performed by a defendant.

The Defendant has become very involved in his church. I have had the opportunity to sit with the Defendant's Pastor and he informs me that the Defendant is very much involved in his church and that the Defendant performs a great deal of community service for his church and is

DEFENDANT'S SENTENCING MEMORANDUM - 3

January 13, 2010

Charles A. Johnston
Attorney at Law
202 East 34th Street
Tacoma, WA  98404
Tel.: (253) 473-3090

very helpful to his congregation. His Pastor has been present at every court hearing and informs me that the Defendant has the love and support of himself and his congregation.

**E. RESTITUTION**

The courts have recognized a basis for a downward departure where it would result in a defendant being able to pay restitution back to the victims of the crime.

The Defendant has a real financial challenge to face upon his release from incarceration. The Defendant recognizes that challenge and intends to do everything in his power to pay back the victims of his actions. In the current job market, he has been unable to find employment while this sentencing has been pending. However, through the friends he has made at his church, he is optimistic that he will find employment quickly upon his release. The Defense believes it is in the community's best interest to have the Defendant serve a reasonable amount of time of incarceration for his conduct and then to get him back into the community and working so that he can begin to make restitution payments.

**F. SENTENCING FACTORS AS SET FORTH IN 18 U.S.C. § 3553**

The Court, in sentencing the Defendant, must now take into consideration all of the statutory concerns set forth in 18 U.S.C. § 3553, which requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the provisions of ¶ 2. Section 3553(a)(2) states that such purposes are:

(A)   To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

(B)   To afford adequate deterrent to criminal conduct;

(C)   To protect the public from further crimes of the Defendant; and

DEFENDANT'S SENTENCING MEMORANDUM - 4

January 13, 2010

Charles A. Johnston
Attorney at Law
202 East 34th Street
Tacoma, WA  98404
Tel.: (253) 473-3090

(D) To provide the Defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider, among other factors, the nature and circumstances of the offense and the history and characteristics of the Defendant; the kinds of sentences available; the need to avoid unwarranted sentencing disparities among Defendants with similar records who have been found guilty of similar conduct; and, the need to provide restitution to any victims of the offense. The Defendant's sentence must, above all, be "reasonable" in light of the above-mentioned statutory factors. The sentencing court has discretion to fashion a sentence to fit the particular needs of a Defendant after taking into consideration these statutory factors. The sentence recommended by the defense of eighteen (18) months is sufficient, yet no more than necessary to satisfy the statutory purposes set forth above

## IV.  CONCLUSION

For all of the foregoing reasons, the Defense asks the Court to sentence the Defendant, Leon Letroy Anderson, to a term of incarceration of eighteen (18) months.

DATED this 13th day of January, 2010.

Respectfully submitted,

_____
Charles A. Johnston / WSBA No. 9058
Attorney for Defendant, Leon Letroy Anderson

DEFENDANT'S SENTENCING MEMORANDUM - 5

January 13, 2010

Charles A. Johnston
Attorney at Law
202 East 34th Street
Tacoma, WA  98404
Tel.: (253) 473-3090

## CERTIFICATE OF SERVICE

I hereby certify that on January 13th, 2010, I electronically filed the foregoing Defendant's Sentencing Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each participant in this case and a copy was mailed to the Defendant via the U.S. Postal Service.

DATED this 13th day of January, 2010.

_____
Kim Kohn, Legal Assistant

DEFENDANT'S SENTENCING MEMORANDUM - 6

January 13, 2010

Charles A. Johnston
Attorney at Law
202 East 34th Street
Tacoma, WA  98404
Tel.: (253) 473-3090